[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTION FOR SUMMARYJUDGMENT
The motion for summary judgment raises a legal issue. There is a claim that the law of the case is such that the negligence of the employer, the third party defendant, cannot be raised in this case as a result of my prior ruling on a motion to strike by the employer.
That motion to strike was directed solely against a negligence count set forth in a cross complaint by the third party plaintiff. But the only "law of the case" is that a defendant sued by an injured employee plaintiff cannot in light of the policy expressed in the workers' compensation act, make a cross claim against the employer claiming the plaintiff employee's injuries were due to the employer's negligence, thus seeking apportionment.
Counsel for the third party plaintiff did not file a brief in opposition to the motion to strike. However, it is clear that an employer can waive its rights under the workers' compensation act by an explicit contractual agreement, Ferryman v. Town of Groton,212 Conn. 138, 144-145 (1989). The basis of the indemnification count in the cross complaint filed by the third party plaintiff is that the employer has done that by reason of the indemnification agreement signed by the employer and the third party plaintiff, the defendant in the original action. Clearly any such agreement must comply with the provision of § 52-572k(a) of the General Statutes. However, merely because the CT Page 4055 plaintiff can only recover in the action it has brought on the basis of the negligence of the third party plaintiff does not mean that party cannot try to enforce its indemnification agreement. In the latter action the claim would be made by signing of the agreement certain rights were waived under the workers' compensation act. But the basis of the claim is the agreement as such and proof that the employer's negligence would come in just to establish the rights of the third party plaintiff and defendant between themselves under the terms of the agreement. Perhaps bifurcation will have to be considered but I do not believe the motion for summary judgment should be granted on the indemnification claim as such.
Thomas Corradino, Judge